UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AUDUBON VETERINARY HOSPITAL, INC., ET AL | CIVIL ACTION |
| VERSUS | NO. 06-5875 |
| UNITED STATES FIDELITY & GUARANTEE COMPANY | SECTION: "C" (4) |

## ORDER

Before the Court is a Motion in Limine to Exclude Expert Testimony and Report of Jay Strano ("Strano") filed by the plaintiffs, Audubon Veterinary Hospital, Inc., Thomas Pastor, D.V.M. and Marilyn W. Pastor (collectively, "plaintiffs"). The defendant, United States Fidelity & Guaranty Company ("USF&G"), opposes the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of Counsel, the record and the applicable law, the Court finds that striking Strano's report and testimony is inappropriate.

**I. BACKGROUND**

The plaintiffs brought this action in the Civil District Court ("CDC") for the Parish of Orleans, State of Louisiana alleging the USF&G failed to fully compensate them for their business interruption losses that were occasioned by Hurricane Katrina. USF&G then removed the case to this Court. Various dates and deadlines, including the dates for the exchange of expert reports, were set at a Scheduling Conference on December 12, 2006. At that conference, it was determined that the plaintiffs would submit their expert reports to USF&G by April 11, 2007 and that USF&G would submit its expert reports to the plaintiffs by May 11, 2007. However, on April 11, 2007, the plaintiffs filed an unopposed motion to extend those expert report deadlines. The motion was granted and the deadlines were reset to April 30, 2007 and May 30, 2007, respectively. On May 30, 2007, USF&G submitted the report of its expert, Strano, to the plaintiffs. In response, the plaintiffs filed this motion to exclude Strano's report on the grounds that it does not comply with Federal Rule of Civil Procedure 26(a)(2)(B). The plaintiffs also seek to prevent Strano from testifying at trial pursuant to Federal Rule of Civil Procedure 37(c)(1) due to USF&G's alleged failure to provide a complaint report.

**II. ANALYSIS**

Federal Rule of Civil Procedure 26(a)(2)(B) provides that if a party intends to rely upon expert testimony, he must present a written report prepared and signed by the expert witness. This expert report must:

> contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

FED. R. CIV. P. 26(a)(2)(B). If a party fails to comply with the requirements of Rule 26(a)(2)(B), the court may exclude his expert from testifying at trial or a hearing, unless such failure is harmless.[1] FED. R. CIV. P. 37(c)(1).

The plaintiffs assert that USF&G's expert report fails to comply with the all of the requirements of Rule 26(a)(2)(B). The plaintiffs note that Strano's report: (1) is not signed and it is unclear whether he prepared it; (2) only contains four columns of figures without any discernable opinions or reasons for those opinions; (3) lacks a description of the data or information that he relied upon in writing his report; (4)

---

[1] Rule 37(c)(1) permits the court to impose alternate sanctions, such as reasonable expenses, including attorneys' fees, caused by the failure to comply with Rule 26, in lieu of striking the expert's report.

references "schedules 2 and 4," which were not attached; (5) fails to list his qualifications and prior cases or disclose his compensation. According to the plaintiffs, Strano's report should be stricken and he should be prevented from testifying due to these failures to comply with Rule 26(a)(2)(B).

The plaintiffs rely heavily *Sierra Club v. Cedar Point Co., Inc.*, 73 F.3d 546 (5th Cir. 1996) for the proposition that an expert report that does not comply with Rule 26(a)(2)(B) should be stricken. USF&G asserts however that this reliance is somewhat misplaced. USF&G correctly points out that in *Sierra Club* that the Fifth Circuit held that the trial court did not commit reversible error by striking expert reports and testimony when the reports failed to comply with an accelerated discovery order that required detailed and complete initial reports. However, USF&G fails to disclose that the trial court excluded the reports not only because they did not comply with the discovery order, but also, because they did not comply with Rule 26(a). *Sierra Club*, 73 F.3d at 572. The *Sierra Club* Court also noted that the Advisory Committee Notes on Rule 26 state that expert reports should be "detailed and complete" so as "to avoid the disclosure of 'sketchy and vague' expert information." *Id.*

USF&G argues that this case is more similar *Michaels v. Avitech, Inc.*, 202 F.3d 746 (5th Cir. 2000) and *Rogers v. United States of America*, 2006 WL 616908 (W.D. Tex.). The *Michaels* and *Rogers* Courts distinguished those cases from *Sierra Club* because the

parties were not under specific discovery orders like the parties in *Sierra Club*.  Both the *Michaels* and the *Rogers* Courts found that the expert reports were sufficient although they did not provide a complete statement of all opinions and reasons as required by Rule 26(a)(2)(B), because the reports implied negligence.  Thus, USF&G argues that its expert report is sufficient because it is not under a specific discovery order and the report expresses an opinion as to the plaintiffs' losses and implies a difference of opinion from the plaintiffs' expert report.  Rec. Doc. 26 (*citing Michaels*, 202 F.3d at 749; *Rogers v. United States of America*, 2006 WL 616908 (W.D. Tex.)).

The plaintiffs present a strong argument for striking Strano's report.  Although the parties are not under a strict, specific discovery order, Strano's report fails to comply with most, if not all, of the requirements of Rule 26(a)(2)(B).  However, the Court must consider and weigh: (1) the explanation for the USF&G's failure to comply with Rule 26(a)(2)(B), (2) the prejudice to the plaintiffs of allowing Strano to testify; (3) the possibility of curing such prejudiced by granting a continuance; and, (4) the importance of Strano's testimony before striking his report.  *Rogers*, 2006 WL 616908 (W.D. Tex.) (*citing Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (*citing, Sierra Club*, 73 F.3d at 572)).[2]

---

[2] The cases cited say that the factors must be considered when the court strikes an expert witness's report and excludes his testimony for failure to comply with a *discovery order*. *Rogers*, 2006 WL 616908 (W.D. Tex.) (*citing Barrett*, 95 F.3d at 380 (*citing, Sierra Club*, 73 F.3d at 572)) (emphasis added). As mentioned above, there was no

USF&G has not offered any explanation for its failure to comply with Rule 26(a)(2)(B). Instead, it chooses to say that it should be deemed to have provided an opinion as in *Michaels* and *Rogers*. Strano's report provides an opinion on the plaintiffs' losses. However, it fails to comply with Rule 26(a)(2)(B) in many other respects, so this substantial compliance argument is unpersuasive. The plaintiffs will be prejudiced by Strano's testimony if they do not get a fuller report. Strano's skeletal report only puts the plaintiffs on notice that USF&G intends to rely upon Strano as an expert. The third factor, cure by continuance, has not been discussed. However, the plaintiffs have alleged substantial business losses due to Hurricane Katrina, so continuance may well be a hardship. Finally, Strano's testimony is pivotal to USF&G's case. This suit is purely about the value of the plaintiffs' business interruption insurance claim. His testimony is crucial to USF&G's defense on this value. Weighing all of these factors, the Court declines to exercise its discretion to strike Strano's expert report and testimony. However, USF&G's failure to comply with Rule 26(a)(2)(B) is substantial and it must provide the information required by Rule 26(a)(2)(B) within ten (10) days of this order and if the plaintiffs wish to depose Strano, it will be done at the defendant's cost.[3]

---

specific discovery order in *Rogers*. However, the *Rogers* Court applied the factors in its analysis pursuant to Rule 26(a)(2)(B). Thus, this Court will do the same.

[3] USF&G also argues that the plaintiffs should have filed a motion to compel under Rule 37(a), rather than a motion in limine. USF&G cites *Rogers* for the proposition that when there is no accelerated discovery order, like in *Sierra Club*, a party

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that the plaintiffs' Motion in Limine Exclude Expert Testimony and Report is hereby **DENIED**.

IT IS FURTHER ORDERED that the defendants provide a report in compliance with Rule 26(a)(2)(B) within ten (10) days of the date of this order.

IT IS FURTHER ORDERED that, if the plaintiffs wish to depose Strano, it will be done at the defendant's cost.

New Orleans, Louisiana this 25th day of June, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

must file a motion to compel if he is not satisfied with an expert's report.  This characterization is not entirely accurate.  The *Rogers* Court simply noted that the Fifth Circuit in *Sierra Club* rejected the argument that a motion to compel was necessary because the parties were under the accelerated discover order. *Rogers*, 2006 WL 616908 (W.D. Tex.).  However, the *Rogers* Court did not state that a motion to compel was a prerequisite to a motion to strike when there is no specific discovery order.  Thus, the Court declines to consider this argument.